[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 9 March 1994 Date of Application: 15 March 1994 Date Application Filed: 18 March 1994 Date of Decision: 26 September 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford. Docket #CR93-0140552T.
William Collins, Esq., for the Petitioner.
Carl Taylor, Esq., for the State.
BY THE DIVISION
The petitioner was convicted after a trial by jury of one count of Robbery 1st Degree, in violation of Conn. Gen. Stat. § 53a-134 (a)(3). He was sentenced by the trial court to fourteen years execution suspended after serving twelve years with five years probation.
The record shows that the petitioner entered a deli store with a large knife in his hand. The petitioner grabbed an employee by the arm and demanded that she open the cash register. The petitioner took money and lottery tickets from the register and fled. He was identified by a witness and the knife involved in the robbery was recovered.
At the hearing counsel for the petitioner argued that the petitioner was a person that could be saved noting that the trial court who imposed the sentence found the petitioner to be an intelligent person who assisted his counsel well. Counsel admitted the crime was one of violence but stated it was one of a low degree of violence. Counsel informed the court that the petitioner felt genuine remorse for his acts and contrary to many youngsters the court sees, his client is not a member of any gang. Counsel asked the Division to give his client a modest reduction of sentence feeling that the petitioner was intelligent enough to take with him an CT Page 11976 understanding of his past mistakes.
The petitioner when he spoke to the panel indicated that he was a more mature person than when he committed the crime. He accepts who he is and he wants to be a proud member of society. He asked the Division to be given a chance to make something of himself.
The state called the petitioner a classic recidivist noting that this is his third robbery conviction with violence. Here the robbery was accomplished at knifepoint, when the petitioner grabbed the victim and forced her to open the cash register, which affected the victim psychologically. The state felt that the sentence imposed was way below the maximum allowed by the law and that the Division should affirm.
In applying the provisions of Practice Book 942, we find that the court did not impose a sentence which was either excessive, inappropriate nor disproportionate. The court rightly took into consideration the petitioner's violent criminal history along with the knowledge of how the robbery affected the victim. Considering all the relevant factors required by law, we uphold the sentence imposed.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.